**XUE MING ZHU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2960–ag.**

United States Court of Appeals, Second Circuit.

April 23, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Nairi M. Simonian, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Ming Zhu, a native and citizen of China, seeks review of the June 14, 2007 order of the BIA denying his motion to reopen. *In re Xue Ming Zhu,* No. A98 165 763 (B.I.A. Jun. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

We find no abuse of discretion in the BIA's finding that Zhu's motion was untimely and that he did not demonstrate changed circumstances sufficient to excuse his untimely filing. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, "[t]here is no time limit on the filing of a motion to reopen" if it is based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a (c)(7)(C)(ii).

Here it is undisputed that Zhu's motion to reopen was filed after the 90 day deadline. 8 C.F.R. § 1003.2(c)(2). However, Zhu argued before the BIA that the time limit did not apply to his motion given that it was based on changed country conditions in China. In support of his motion, Zhu submitted newspaper articles and affidavits detailing the sentencing and execution of members of an underground Chris-

tian church in his province. However, the individuals described in these articles were convicted of, among other things, murdering members of a rival church. Zhu alleges that the guilt of those executed is "highly questionable," and that if one is to "read[ ] between the lines," the charges were a cover for official repression. Yet, even if that was a permissible reading, we cannot find that the BIA abused its discretion concluding that Zhu's motion was "speculative" given the evidence he presented.

Therefore, the BIA did not abuse its discretion in denying Zhu's motion to reopen where he failed to present evidence of changed country conditions in China sufficient to excuse the untimely filing of his motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. The request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).